

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 13, 1962

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-1497

Re: Exemption from inheri-
tance tax of a devise
and bequest to the
National Foundation
for Infantile Paraly-
sis, Inc.

Dear Mr. Calvert:

In Attorney General's Opinion No. WW-1349 the exemption
from inheritance tax of this same devise and bequest was denied.
The controlling provisions of the decedent's will are para-
graphs IX, X and XI which read as follows:

"In the event I shall survive my
wife, then I hereby give, devise and
bequeath unto my Trustees hereinabove
named all my property, both real, per-
sonal or mixed, of which I may die
seized and possessed, IN TRUST NEVER-
THELESS to hold, manage, control, sell
and convey the same in accordance with
the authority hereinafter conferred
upon them.

"The beneficiaries of this trust
shall be The American Cancer Society,
Texas Division, a non-profit corpora-
tion, incorporated under the laws of
the State of Texas and the National
Foundation for Infantile Paralysis,
Inc., a corporation organized under
the Membership Corporations Law of
the State of New York, having its
principal office at 120 Broadway,
New York, New York.  My estate and
the income, rents and revenues there-
from, including the proceeds of the
same, shall be used by said corpora-
tions for the purposes and uses herein-
after set out.

"The term of this trust shall be
for a period not to exceed five years
from and after the date of my death. . .

"During the pendency of this trust, after the payment of all expenses thereof, there shall be paid by my Trustees one-half of the income, rents and revenues from the property of my estate to The American Cancer Society, Texas Division, with its office at Houston, Texas, and one-half of the income, rents and revenues from the property of my estate shall be paid to the National Foundation for Infantile Paralysis, Inc., a New York corporation. Prior to the termination of this trust, I direct that my Trustees shall sell all of the property of my estate and shall deliver one-half of the proceeds of the same, together with one-half of the net income therefrom after the payment of all expenses of administering this trust, to each of the beneficiaries, to be made at the discretion and in the amounts as may be determined by the Trustees.

"The American Cancer Society, Texas Division, shall use all of the funds received by it from my Trustees for research in the methods of treatment, diagnosis and prevention of cancer, and to aid in the care of indigent cancer patients in securing adequate diagnosis and treatment, and any other activities which may contribute to the control of cancer in such manner as may be directed by said corporation; provided however, that all of the funds which may be received by The American Cancer Society shall be used by it and expended for any and all of said purposes within the State of Texas.

"The National Foundation for Infantile Paralysis, Inc., shall use such funds as may be received by it for the purposes for which it is incorporated."

Article 14.06, Ch. 14, Tit. 122A, 20-A, Tax.-Gen., Vernon's Annotated Texas Statutes, contains the provisions requisite to exemption from inheritance tax. The pertinent portions of Article 14.06 are the following:

"If passing to or for the use
of. . .religious, educational or
charitable organization or insti-
tution,. . .the tax shall be:

". . .

"Provided, however, that this
Article shall not apply on property
passing to or for the use of. . .
any religious, educational or chari-
table organization incorporated,
unincorporated or in the form of a
trust, when such bequest, devise or
gift is to be used within this State.

"The exemption from tax under the
preceding provisions of this Article
shall, without limiting its applica-
tion under other appropriate circum-
stances, apply to all or so much of
any bequest, devise or gift to or
for the use of. . .a religious, edu-
cational or charitable organization,
which is, in writing and prior to
the payment of the tax, irrevocably
committed for use exclusively within
the State of Texas or transferred to
a religious, educational or charitable
organization for use exclusively with-
in this State.

"Provided, further, that if the
property so passing is to or for the
use of a religious, educational, or
charitable organization which conducts
its operations on a regional basis,
one such region of which includes the
State of Texas, or any part thereof,
then a bequest, devise or gift to be
used within such region shall be deemed
to be used within this state.

"For purposes of this paragraph a
region shall comprise not more than
five contiguous states, either in
whole or in part, one of which is
the State of Texas."

"For purposes of this paragraph,
a religious, educational, or charitable

> organization shall include, but
> not be limited to, a youth program
> of physical fitness, character de-
> velopment, and citizenship training
> or like program."

At the time Opinion No. WW-1349 was written, the attorneys representing the estate took the position that the fact that the beneficiary was a charitable corporation was sufficient to effectuate exemption. This office rejected this view and denied exemption since the requisite geographical limitations as to use had not been met.

Subsequent to the rendition of Opinion No. WW-1349, the National Foundation elected to commit the funds involved for use in a region of five contiguous states composed of Texas, Arkansas, Louisiana, Missouri and Oklahoma. As evidence of this commitment, we have been furnished with a letter addressed to the attorneys representing the estate from John J. O'Connor stating that he is enclosing a letter from Mr. Joseph F. Nee, Senior Vice-President of the National Foundation "irrevocably committing all moneys passing to it under the Last Will and Testament of the. . .decedent for use exclusively within Region 5 of its organizational structure, which Region includes the five contiguous States of Texas, Arkansas, Louisiana, Missouri and Oklahoma." Attached to the letter is a duly certified copy of a resolution of the Board of Trustees of the National Foundation authorizing the officers thereof to make a commitment of this nature. The National Foundation is a corporation duly organized and existing under the laws of the State of New York. The resolution was unanimously adopted by the Board of Trustees of the corporation at a meeting duly called and held on May 14, 1959. The resolution is still in full force and effect. In substance it authorizes the President or Vice-President, together with the Secretary or Treasurer or an Assistant Secretary or an Assistant Treasurer of the National Foundation to accept, assign, exchange, or consent to a reduction in, or modification of, any share in, or payment, from any estate or other fund if consistent with the purposes of the National Foundation, and to agree in their discretion to performance of the National Foundation, or any of its chapters, of any condition or restriction lawfully imposed upon the use of any bequest or devise, and to execute and deliver any consent which the said officers may deem necessary or desirable for the accomplishment of any of the powers described in the resolution, and in addition to all powers specifically described in the resolution to do any of the acts which the National Foundation can do through its officers with respect to the estate of a decedent in which the National Foundation or any of its chapters has an interest.

We quote the following excerpt from a letter signed by Joseph F. Nee, Senior Vice-President of the National Foundation:

> "In order to avail itself of the exemption from the payment of these inheritance taxes in the aforementioned amount provided by Article 14.06 of the Vernon's Texas Civil Statutes, The National Foundation hereby irrevocably commits all the monies received by it as a beneficiary named in the last Will and Testament of the subject decedent for use exclusively within Region V of its organizational structure, which Region includes the five contiguous States of Texas, Arkansas, Louisiana, Missouri and Oklahoma."

We will first consider whether the proposed commitment is consistent with the intention of the decedent as expressed in the provisions creating the testamentary trust. It is true that the decedent saw fit to limit the expenditure of the trust funds bequeathed to the American Cancer Society to use within this State. However, no such limitation, in fact no geographical limitation of any kind, was placed upon the National Foundation except as such geographical limitations might be imposed by its charter. The law is settled that a will may be construed only in cases in which there is ambiguity. In those cases in which intention of the testator is clearly and unequivocally expressed, there is no room for construing a will. 44 Tex.Jur. 677, Wills, Sec. 131. The National Foundation receives the income from this trust free of any restriction save that previously referred to and could, consistently with this provision of the will, commit the expenditure of the funds as they have attempted to do in this case. Further, in this connection, it is noteworthy that at the termination of the trust, which may exist for a period of not to exceed five years, the National Foundation will receive its share of the trust corpus and will have full and absolute ownership thereof. We therefore conclude that the attempted commitment is not contrary to the expressed intention of the decedent, and therefore is not in contravention of the terms of the testamentary trust.

We pass now to a consideration of the question of whether the commitment, as submitted, meets the requirement of the statute, and is sufficient to effectuate exemption.

We first call your attention to a matter which could, of course, be easily corrected. The letter committing the fund to use within Region V of the organization of the National Foundation is signed only by the Senior Vice-President. Under the terms of the resolution pursuant to which the Vice-President is authorized to make such a commitment, he must be joined with the Secretary or the Treasurer, or an Assistant Secretary or the Assistant Treasurer, of the National Foundation.

No facts have been submitted to us as to the manner in which the National Foundation conducts its regional operations in general nor its specific operations in Region V. However, this office on two different occasions has construed the meaning of "regional basis" as that term is used in the statute. We quote the following excerpt from Opinion No. WW-1146:

> ". . .It is clear to us, that for a charitable organization to conduct its operations on a 'regional basis', as that term is used in the statute, that the entire field of its operations would have to be divided into separate and distinct regions and be of a permanent nature, with each region being subject to local management and control, under proper directives from the officers or directors of the charitable organization."

Opinion No. WW-1141 held that it was not essential that a charitable organization be operating on a regional basis at the date of the decedent's death nor that there be more than one region in order to be entitled to exemption if such regional operation is effectuated prior to the payment of the tax. The opinion discusses the history of the enlargement of the charitable exemption, but states that the statute necessarily contemplates that the State of Texas receive some benefit before exemption will be allowed.

We quote the following excerpt from page 9 of the opinion:

> ". . .Since we have no fixed legislative standard to use as a guide, we are of the opinion that each particular case must rest upon its own facts, and that if the facts show that this State will receive substantial benefit as a result of the regional operations of the charitable organization, exemption should be accorded."

If, therefore, facts are submitted to you which indicate (1) that there will be an operation on a "regional basis" in Region V and (2) that Texas will receive substantial benefit from such operation, exemption from inheritance tax should be accorded.

## S U M M A R Y

The National Foundation for Infantile Paralysis, Inc. may, consistently with the provisions of a testamentary trust of which it is a beneficiary, commit the funds it receives therefrom for use within Region V of its organizational structure, which Region includes the five contiguous States of Texas, Arkansas, Louisiana, Missouri and Oklahoma. If facts are submitted to you which indicate (1) that there will be an operation on a "regional basis" in Region V and (2) that Texas will receive substantial benefit from such operation, exemption from inheritance tax should be accorded.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Marietta McGregor Payne
Marietta McGregor Payne
Assistant Attorney General

MMP/jp

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Iola Wilcox
John Reeves
Robert Rowland
Bob Shannon

REVIEWED FOR THE ATTORNEY GENERAL
By: Leonard Passmore